# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No.: 2:16-cv-00444-APG-NJK |
| Plaintiff | **Order (1) Denying the Defendants' Motions for Summary Judgment, (2) Granting Plaintiff's Motion for Summary Judgment, (3) Dismissing Moot Claims, and (4) Granting Unopposed Motion for Leave to File Supplemental Authority** |
| v. | |
| MADEIRA CANYON HOMEOWNERS' ASSOCIATION, et al., | |
| Defendants | [ECF Nos. 56, 57, 58, 84] |

Plaintiff Bank of America, N.A. sues to determine whether its deed of trust still encumbers property located at 2601 Vendange Place in Henderson, Nevada following a non-judicial foreclosure sale conducted by the homeowners association (HOA), defendant Madeira Canyon Homeowners' Association (Madeira). Defendant Vendange Place Trust (Vendange Trust) purchased the property at the HOA foreclosure sale and then transferred it to defendant Paradise Harbor Place Trust (Paradise Trust). Bank of America asserts a declaratory relief claim against all defendants and damages claims against Madeira and its foreclosure agent, defendant Nevada Association Services, Inc. (NAS). Paradise Trust counterclaims for declaratory relief and to quiet title.

All parties[1] move for summary judgment, raising a variety of arguments. The parties are familiar with the facts so I do not repeat them here except where necessary. I deny the defendants' motions and grant Bank of America's motion because (1) Bank of America's declaratory relief claim is timely and (2) NAS failed to mail required notices to the deed of

---

[1] NAS stipulated to having default judgment entered against it and is no longer participating in the case. ECF No. 73.

trust's beneficiary and Bank of America was prejudiced by that failure, rendering the sale void as to the deed of trust. I dismiss Bank of America's damages claims against Madeira and NAS as moot.

**I. ANALYSIS**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Declaratory Relief**

The Trusts, Madeira, and Bank of America move for summary judgment on Bank of America's declaratory relief claim. The parties raise a variety of arguments. I address only those that are necessary to resolve the pending motions.

1. Statute of Limitations

The Trusts and Madeira argue that Bank of America's declaratory relief claim is time-barred, and Madeira also argues Bank of America should be barred by the doctrine of laches. The HOA foreclosure sale took place on June 8, 2012. ECF No. 56-3 at 2. The complaint was filed on March 2, 2016. ECF No. 1. Consequently, if the limitation period is four or more years, the complaint is timely. Although the parties advocate for either a three- or five-year limitation period under Nevada law, I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of America, N.A. v. Country Garden Owners Ass'n*, 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). Because Bank of America's declaratory relief claims were brought within four years of the HOA sale, they are timely.

As for laches, Bank of America's suit sounds in equity because it seeks to resolve competing claims to interests in property. *See Shadow Wood HOA v. N.Y. Cmty. Bancorp*, 366 P.3d 1105, 1111 (Nev. 2016) (en banc) (stating that a person seeking to quiet title under Nevada Revised Statutes § 40.010 may invoke the court's equitable powers to resolve competing claims to title). "Laches is an equitable time limitation on a party's right to bring suit, . . . resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 835 (9th Cir. 2002) (quotations and internal citation omitted). The "laches determination is made with reference to the limitations period for the analogous action at law. If the plaintiff filed suit within the analogous limitations period, the strong presumption is that laches is inapplicable." *Id.* Laches is an affirmative defense that "requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2)

3

prejudice to the party asserting the defense." *In re Beaty*, 306 F.3d 914, 926 (9th Cir. 2002). (quotation omitted).

Bank of America filed this action within the limitation period for its declaratory relief claim, so there is a strong presumption that laches does not apply. Madeira has not overcome that strong presumption because it has presented no evidence of prejudice. Additionally, Madeira argues Bank of America knew of the sale but failed to act. However, as discussed below, there is no evidence Bank of America had actual notice of the sale before it took place. Rather, the evidence shows that NAS failed to mail the notice of default and the notice of sale to the beneficiary of record for the deed of trust, who would have forwarded those notices to Bank of America had it received them. And Bank of America has presented evidence that if it had received the notices, it would have attempted tender, meaning it would have taken action to protect its interest. I therefore deny the defendants' motions for summary judgment on the declaratory relief claims on the basis of either the statute of limitations or laches.

2. Adequate Remedy at Law

The Trusts argue Bank of America cannot resort to equity because it can sue NAS for damages, so it has an adequate remedy at law. Bank of America responds that property is unique, so it does not have an adequate remedy at law.

Generally, a party cannot obtain an equitable remedy when it has an adequate remedy at law. *Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982). However, Nevada Revised Statutes § 40.010, which allows for resolving disputes involving adverse interests in property, "essentially codified" Nevada's historical recognition "that courts retain the power to grant equitable relief from a defective foreclosure sale when appropriate . . . ." *Shadow Wood HOA*, 366 P.3d at 1111-12. While the availability of other

remedies (both before and after the sale) may bear on the equities, a claim to set aside an allegedly defective foreclosure sale is necessarily an equitable one that will impact the various interests in the property and their relative priority. Bank of America seeks not just repayment of its loan, but the right to resort to this particular property as security for repayment. No remedy at law could overturn the foreclosure sale and reinstate Bank of America's lien on the property. *See Bank of Am., N.A. v. Diamond Fin., LLC*, 42 N.E.3d 1151, 1156-57 (Mass. 2015) (concluding a legal remedy was inadequate because "money damages would not restore the plaintiff to its rightful senior position"); *Bank of N.Y. Mellon v. Withers*, 771 S.E.2d 762, 765 (N.C. Ct. App. 2015) ("Due to land's unique nature, damage claims against individuals are an inadequate substitute for a first position lien on real property."). I therefore deny the Trusts' motion on this basis.

### 3. Declaring the Sale Void/Setting Aside the Sale

The Trusts and Madeira argue that I should not equitably set aside the sale because Bank of America was on notice that its deed of trust was in jeopardy but it took no action to preserve its interest before the sale. The Trusts also argue equitable relief is particularly not warranted here because they are bona fide purchasers. In response and in its own motion, Bank of America argues the sale is void or at least voidable because NAS did not send the notice of default to either the original lender or the deed of trust's beneficiary of record and did not send the notice of sale to the beneficiary of record. Bank of America contends that if the beneficiary had received the notices, it would have forwarded them to Bank of America and during that time, Bank of America's policy was to tender the superpriority amount when it received foreclosure notices. Bank of America thus contends it is prejudiced by NAS's failure to comply with the foreclosure statute's notice requirements because it was deprived of the opportunity to tender and

5

thereby preserve its deed of trust. Bank of America asserts that this renders the sale void, or at least voidable when combined with the grossly inadequate sale price. It also disputes whether the Trusts, who are owned by an experienced real estate agent who regularly purchased properties at HOA sales, are bona fide purchasers.

The deed of trust identified Security Atlantic Mortgage Co. Inc. as the original lender. ECF No. 56-4 at 4. The deed of trust identified Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary "(solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns)." *Id.*

In February 2011, NAS recorded a notice of delinquent assessment lien. ECF No. 56-7 at 4. That notice was sent to the homeowners, Justin and Autumn Ward. *Id.* at 5-6. In April 2011, NAS recorded a notice of default and election to sell. ECF No. 56-8. That notice was sent to the Wards and Madeira, but there is no evidence it was sent to MERS or Security Atlantic. ECF No. 56-9. The notice of foreclosure sale was recorded in April 2012 and identified the date of the sale as May 11, 2012. ECF No. 56-10. That notice was sent to the Wards and Security Atlantic, but there is no evidence it was sent to MERS. ECF No. 56-11. The notice of sale that was sent to Security Atlantic was returned in the mail. *Id.*

The foreclosure sale was held on June 8, 2012, not on May 11 as set forth in the notice of sale. ECF No. 56-3. Vendange Trust purchased the property at the sale for $6,350. *Id.* at 2. At the time of the sale, the property's fair market value was approximately $225,000. ECF No. 58-17 at 5; *see also* ECF No. 58-16 at 3 (valuing the property at $190,000 about six months after the sale).

At the time of the sale, Bank of America or its predecessor, BAC Home Loans Servicing, L.P., serviced the loan and MERS acted as beneficiary of record on Bank of America's behalf.

ECF No. 58-2 at 3. During this same time period, MERS regularly sent to Bank of America foreclosure notices that MERS received from HOAs. *Id.* Bank of America's business records do not show it received Madeira's foreclosure notices from MERS or from any other source. *Id.* Bank of America's policy at the time was to respond to foreclosure notices by retaining the law firm Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer) to determine and pay the superpriority amount on Bank of America's behalf. *Id.*

Nevada's HOA foreclosure statutes "mandate[d] that notice of default and notice of sale go to '[e]ach . . . person with an interest whose interest or claimed interest is subordinate' to the lien being foreclosed, with or without a request therefor." *U.S. Bank, Nat'l Ass'n ND v. Res. Grp., LLC*, 444 P.3d 442, 445 (Nev. 2019) (quoting Nev. Rev. Stat. § 107.090(3)(b)). The statutes thus "require[d] an HOA seeking to foreclose a superpriority lien to send the holder of a recorded first deed of trust notices of default and of sale, even though the deed of trust holder has not formally requested them." *Id.* Where (1) an HOA's agent does not substantially comply with these requirements, (2) the deed of trust beneficiary "did not receive timely notice by alternative means," and (3) the beneficiary "suffered prejudice as a result, the district court should determine whether, under NRS 107.080 (2011), it should declare the sale void to the extent it purports to extinguish [the] deed of trust." *Id.* at 448.[2]

---

[2] It is unclear from this language whether the Supreme Court of Nevada is incorporating the timing requirements of § 107.080 into this analysis. To the extent those requirements apply, Bank of America's claim would be untimely. *See* Nev. Rev. Stat. §§ 107.080(5), (6) (2011) (providing that if proper notice was not provided, "the person who did not receive such proper notice may commence an action pursuant to subsection 5 within 120 days after the date on which the person received actual notice of the sale"). To the extent Bank of America's claim that the sale is void is time-barred, its declaratory relief claim seeking to equitably set aside the sale is still timely under the four-year catchall limitation period.

7

The sale is void as to the deed of trust because NAS did not substantially comply with the statutory notice requirements, there is no evidence Bank of America received notice by alternative means, and Bank of America has presented undisputed evidence that it was prejudiced. NAS did not substantially comply because it did not send the notice of default or notice of sale to MERS, who was the beneficiary of record. The defendants argue that the notice of sale was sent to the original lender and MERS was the original lender's agent, so there was no need to send the notices to MERS. There are two problems with this argument. First, the defendants do not dispute that the notice of default was not sent to either the original lender or MERS. A complete failure to send the notice of default does not constitute substantial compliance and resulted in depriving both the original lender and the beneficiary of the statutorily prescribed notice period. *Id.* at 447 ("Absent notice from some other source, failing to mail the statutorily required notice of default deprives the property owner of the minimum grace period the Legislature has mandated to give the deed of trust holder (or the homeowner) time to cure, compromise, or contest the default."). Second, MERS was an agent not only of the original lender, but also of the lender's successors and assigns. So notice to only the original lender did not necessarily provide notice to all junior lienholders as required.[3]

There is no evidence Bank of America had actual notice of the sale before it took place. And Bank of America has presented evidence it was prejudiced by the lack of notice. It has presented evidence, which the defendants do not challenge, that if MERS had received the

---

[3] Prior to an amendment in September 2011, Nevada law did not require that an assignment of a deed of trust be recorded. *See* Nev. Rev. Stat. § 106.210 (2011) (providing that an assignment of a deed of trust "may" be recorded, but not requiring such a transfer to be recorded until the statute was amended). Consequently, sending notice to the original lender, but not to the beneficiary of record, left open the possibility that no one with a current interest in the deed of trust would receive notice of the HOA's foreclosure.

8

notices, it would have forwarded them to Bank of America, and Bank of America, in turn, would have followed its practice of hiring Miles Bauer and attempting to tender. A valid tender extinguishes the superpriority lien by operation of law. *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 120 (Nev. 2018) (en banc). The lack of notice deprived Bank of America of the opportunity to preserve its deed of trust.

Consequently, the sale is void as to the deed of trust. *Saticoy Bay LLC Series 9014 Salvatore St. v. U.S. Bank N.A. as Tr. for GSAA Home Equity Tr. 2007-1*, No. 74217, 429 P.3d 293, 2018 WL 5095837, at *1 (Nev. 2018) (holding that "because the HOA failed to give the statutorily-required notice of the trustee's sale to Bank of America, the sale was void"); *see also Shadow Wood HOA*, 366 P.3d at 1110 (describing notice as a "statutory prerequisite[] to a valid HOA lien foreclosure sale"); *SFR Invs. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc) (stating that "proper" foreclosure of an HOA lien will extinguish a deed of trust).[4] Under this analysis, the Trusts' status as bona fide purchasers is irrelevant because a "void sale, in contrast to a voidable sale, defeats the competing title of even a bona fide purchaser for value." *U.S. Bank, Nat'l Ass'n ND*, 444 P.3d at 448.

Even if the sale is not void, the same facts support equitably setting aside the sale. As the party seeking to set aside the sale on equitable grounds, Bank of America "bears the burden to produce[ ] evidence showing that the sale was affected by fraud, unfairness, or oppression that would justify setting aside the sale." *Res. Grp., LLC as Tr. of E. Sunset Rd. Tr. v. Nevada Ass'n Servs., Inc.*, 437 P.3d 154, 160 (Nev. 2019) (en banc) (quotation omitted). "[M]ere inadequacy

---

[4] *See also Nationstar Mortg., LLC v. Sahara Sunrise Homeowners Ass'n*, No. 2:15-cv-01597-MMD-NJK, 2019 WL 1233705, at *3-4 (D. Nev. Mar. 14, 2019) (holding HOA sale void under similar facts); *Christiana Tr. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-00684-GMN-CWH, 2018 WL 6603643, at *5-6 (D. Nev. Dec. 17, 2018) (same).

9

of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness, or oppression." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 648 (Nev. 2017). "A grossly inadequate price may require only slight evidence of fraud, unfairness, or oppression to set aside a foreclosure sale." *SFR Invs. Pool 1, LLC v. First Horizon Home Loans, a Div. of First Tenn. Bank, N.A.*, 409 P.3d 891, 895 (Nev. 2018) (en banc).

Bank of America has presented evidence that the property sold at a grossly inadequate price because Vendange Trust paid $6,350 for a property that was worth at least $190,000. The defendants do not dispute this substantial price disparity. And Bank of America has identified prejudicial unfairness. Bank of America was given no notice of the sale and thus was deprived of the opportunity to tender. *See Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d at 648 n.11 (listing "an HOA's failure to mail a deed of trust beneficiary the statutorily required notices" as an "irregularit[y] that may rise to the level of fraud, unfairness, or oppression"). That unfairness affected the sale because if Bank of America had received notice and tendered, it would have voided the sale as to the superpriority lien.

Against this unfairness to Bank of America, I must weigh Vendange Trust's status as a bona fide purchaser. *Shadow Wood HOA*, 366 P.3d at 1114. Although Bank of America disputes that Vendange Trust is a bona fide purchaser, there is no dispute that Vendange Trust gave "valuable consideration" for the property and there is no evidence it had any basis to suspect the proper notices were not provided. *See id.* at 1115-16. The fact that the Trust's principal is an experienced purchaser at HOA sales does not, in and of itself, deprive the Trust of bona fide purchaser status. But I "must consider the entirety of the circumstances that bear upon the

equities." *Id.* at 114. Vendange Trust's knowledge that HOA sales often resulted in litigation over the continuing validity of the deed of trust is a factor to weigh in the overall balance.

Weighing the unfairness to Bank of America (who was denied the opportunity to act to preserve its deed of trust worth approximately $200,000) against the impact to the Trusts (who invested very little and did so knowing that litigation over the impact of the HOA sale on the deed of trust was likely), equity weighs in favor of setting aside this sale. I therefore deny the Trusts' and Madeira's motions and grant Bank of America's motion on its declaratory relief claim and Paradise Trust's counterclaims. The HOA sale is void as to the deed of trust, or alternatively, I equitably set aside the sale such that the deed of trust remains an encumbrance on the property.[5]

**B. Bank of America's Damages Claims Against Madeira and NAS**

Bank of America asserts damages claims against Madeira and NAS for breach of Nevada Revised Statutes § 116.1113 and wrongful foreclosure. ECF No. 1. Those claims were pleaded in the alternative to Bank of America's declaratory relief claim. *See* ECF Nos. 1 at 12-13; 64 at 8. I therefore dismiss those claims as moot.

**II. CONCLUSION**

I THEREFORE ORDER that defendants Vendange Place Trust and Paradise Harbor Place Trust's motion for summary judgment (**ECF No. 56**) **is DENIED**.

I FURTHER ORDER that defendant Madeira Canyon Homeowners' Association's motion for summary judgment (**ECF No. 57) is DENIED**.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment (**ECF No. 58) is GRANTED**. The clerk of court is instructed to enter judgment in

---

[5] No one has requested as a remedy that I unwind the sale completely.

11

favor of plaintiff Bank of America, N.A. and against the defendants as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on June 8, 2012 did not extinguish the deed of trust, and the property located at 2601 Vendange Place in Henderson, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s damages claims against defendants Madeira Canyon Homeowners' Association and Nevada Association Services, Inc. are DISMISSED as moot.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s unopposed motion for leave to file supplemental authority **(ECF No. 84) is GRANTED**.

I FURTHER ORDER the clerk of court to close this case.

DATED this 13th day of November 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE